UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TRUSTEES OF UNITED WIRE METAL AND : 
MACHINE PENSION, HEALTH & WELFARE FUNDS : 10-Civ. 04246 (SJ)(SMG)
and INTERNATIONAL BROTHERHOOD OF :
TEAMSTERS LOCAL 810, :
: **ANSWER TO**
Plaintiffs, : **AMENDED COMPLAINT**
:
-against- :
:
GEORGE HIRN COMPANY, HIRN TRUCK :
DISTRIBUTION LLC, and GEORGE HIRN, an :
individual, :
:
Defendants. :
------------------------------------------------------------------------x

GEORGE HIRN COMPANY[1], HIRN TRUCK DISTRIBUTION LLC, and GEORGE HIRN (the "Defendants"), by and through their undersigned counsel, respectfully submit the following answer to the amended complaint dated March 14, 2011 (the "Amended Complaint").

1. Neither admit nor deny the truth of the allegations set forth in ¶ 1 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

2. Neither admit nor deny the truth of the allegations set forth in ¶ 2 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

3. Neither admit nor deny the truth of the allegations set forth in ¶ 3 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

4. Neither admit nor deny the truth of the allegations set forth in ¶ 4 of the Amended Complaint which state a legal conclusion to which no responsive pleading is required.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 4[2] of the Amended Complaint.

---

[1] The correct legal name for Defendant is George Hirn Company, Inc.

{Client\003564\L1285\00349369.DOC;1}

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 5 of the Amended Complaint.

4.     Neither admit nor deny the truth of the allegations set forth in ¶ $4^3$ of the Amended Complaint which state a legal conclusion to which no responsive pleading is required.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ $5^4$ of the Amended Complaint.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 6 of the Amended Complaint.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 7 of the Amended Complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 8 of the Amended Complaint.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 9 of the Amended Complaint.

10.    With respect to the allegations contained in ¶ 10 of the Amended Complaint, Defendant George Hirn Company, Inc. admits that it was an employer but denies it is currently an employer as it ceased all business operations in or about September 2010.

11.    Admit the allegations set forth in ¶ 11 of the Amended Complaint, except deny that Defendant George Hirn Company, Inc. currently has a principal place of business at 413-423 Troutman Street, Brooklyn, New York 11237.

12.    Deny the allegations set forth in ¶ 12 of the Amended Complaint.

13.    Deny the allegations set forth in ¶ 13 of the Amended Complaint.

---

[2] This is the second paragraph 4 of the Amended Complaint.
[3] This is the third paragraph 4 of the Amended Complaint.
[4] This is the second paragraph 5 of the Amended Complaint.

14. Deny the allegations set forth in ¶ 14 of the Amended Complaint, except to admit that Defendant George Hirn was the owner of George Hirn Company, Inc. until it ceased doing business and closed operations in or about September 2010, and admit the allegations as to Hirn Truck Distribution, LLC.

15. Deny the allegations set forth in ¶ 15 of the Amended Complaint, except to admit that Defendant George Hirn Company, Inc. executed a collective bargaining agreement with the International Brotherhood of Teamsters Local 810 (the "Union") for a term that commenced on October 22, 2006 and expired on October 31, 2010 (the "Agreement").

16. Admit the allegations set forth in ¶ 16 of the Amended Complaint.

17. Admit the allegations set forth in ¶ 17 of the Amended Complaint.

18. Admit the allegations set forth in ¶ 18 of the Amended Complaint.

18. Admit the allegations set forth in the ¶ 18[5] of the Amended Complaint.

20. Neither admit nor deny the allegations set forth in ¶ 20 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

21. With respect to the allegations set forth in ¶ 21 of the Amended Complaint, Defendant George Hirn Company, Inc. admits that it has failed to timely pay fringe benefit contributions and denies the balance of the allegations set forth in ¶ 21 of the Amended Complaint.

22. Neither admit nor deny the allegations set forth in ¶ 22 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 23 of the Amended Complaint.

---

[5] This is the second paragraph 18 of the Amended Complaint.

24.     Neither admit nor deny the allegations set forth in ¶ 24 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required and respectfully refer the Court to the terms of the Agreement.

25.     Admit the allegations set forth in ¶ 25 of the Amended Complaint.

26.     With respect to the allegations set forth in ¶ 26 of the Amended Complaint, Defendants admit that George Hirn Company, Inc. owes approximately $74,312.61 to Plaintiffs but denies the remainder of the allegations set forth therein.

27.     In responding to ¶ 27 of the Amended Complaint, Defendants repeat the answers to the allegations set forth in ¶¶ 1-26 hereof as though fully set forth herein.

28.     With respect to the allegations set forth in ¶ 28 of the Amended Complaint, Defendants refer to the Agreement for an interpretation of its terms and conditions.  The Defendants dispute that any entity other than George Hirn Company, Inc. had a duty to contribute to the Fund.

28.     With respect to the allegations set forth in ¶ 28[6] of the Amended Complaint, Defendants admit that George Hirn Company, Inc. made contributions to the Fund up until on or about March 5, 2010 but deny that any other entity made contributions to the Fund.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 29 of the Amended Complaint.

30.     With respect to the allegations set forth in ¶ 30 of the Amended Complaint, Defendant George Hirn Company, Inc. admits that it received the Demand Letter but denies the remainder of the allegations set forth therein.

---

[6] This is the second paragraph 28 of the Amended Complaint.

31. With respect to the allegations set forth in ¶ 30 of the Amended Complaint, Defendant George Hirn Company, Inc. admits that it received the Default Letter but denies the remainder of the allegations set forth therein.

32. Deny the allegations set forth in ¶ 32 of the Amended Complaint.

33. With respect to the allegations set forth in ¶ 33 of the Amended Complaint, Defendant George Hirn Company, Inc. admits that it received the Acceleration Letter but denies the remainder of the allegations set forth therein.

34. Admit the allegations set forth in ¶ 34 of the Amended Complaint.

35. Deny the allegations set forth in ¶ 35 of the Amended Complaint.

36. In responding to ¶ 36 of the Amended Complaint, Defendants repeat the answers to the allegations set forth in ¶¶ 1-35 hereof as though fully set forth herein.

37. With respect to the allegations set forth in ¶ 37 of the Amended Complaint, Defendants refer to the Agreement for an interpretation of its terms and conditions.

38. With respect to the allegations set forth in ¶ 38 of the Amended Complaint, Defendants refer to the Agreement for an interpretation of its terms and conditions.

39. Admit the allegations set forth in ¶ 39 of the Amended Complaint.

40. Admit the allegations set forth in ¶ 40 of the Amended Complaint.

41. Deny the allegations set forth in ¶ 41 of the Amended Complaint

42. Deny the allegations set forth in ¶ 42 of the Amended Complaint.

43. Deny the allegations set forth in ¶ 43 of the Amended Complaint.

44. Deny the allegations set forth in ¶ 44 of the Amended Complaint.

45. Deny the allegations set forth in ¶ 45 of the Amended Complaint.

46. Deny the allegations set forth in ¶ 46 of the Amended Complaint.

47. Deny the allegations set forth in ¶ 47 of the Amended Complaint.

48. Deny the allegations set forth in ¶ 48 of the Amended Complaint.

49. Deny the allegations set forth in ¶ 49 of the Amended Complaint.

50. Deny the allegations set forth in ¶ 50 of the Amended Complaint.

51. In responding to ¶ 51 of the Amended Complaint, Defendants repeat the answers to the allegations set forth in ¶¶ 1-49 hereof as though fully set forth herein.

52. Deny the allegations set forth in ¶ 52 of the Amended Complaint.

53. Neither admit nor deny the allegations set forth in ¶ 53 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

54. Neither admit nor deny the allegations set forth in ¶ 54 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

55. Deny the allegations set forth in ¶ 55 of the Amended Complaint.

56. Deny the allegations set forth in ¶ 56 of the Amended Complaint.

57. Deny the allegations set forth in ¶ 57 of the Amended Complaint.

58. Deny the allegations set forth in ¶ 58 of the Amended Complaint.

59. Deny the allegations set forth in ¶ 59 of the Amended Complaint.

60. Deny the allegations set forth in ¶ 60 of the Amended Complaint.

61. Deny the allegations set forth in ¶ 61 of the Amended Complaint.

62. Deny the allegations set forth in ¶ 62 of the Amended Complaint.

63. Deny the allegations set forth in ¶ 63 of the Amended Complaint.

64. Deny the allegations set forth in ¶ 64 of the Amended Complaint.

65. In responding to ¶ 65 of the Amended Complaint, Defendants repeat the answers to the allegations set forth in ¶¶ 1-64 hereof as though fully set forth herein.

66. Neither admit nor deny the allegations set forth in ¶ 66 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

67. Deny the allegations set forth in ¶ 67 of the Amended Complaint.

68. Deny the allegations set forth in ¶ 68 of the Amended Complaint.

69. With respect to the allegations set forth in ¶ 69 of the Amended Complaint, Defendants admit that no payments have been made towards the withdrawal liability.

70. Deny the allegations set forth in ¶ 70 of the Amended Complaint.

71. In responding to ¶ 71 of the Amended Complaint, Defendants repeat the answers to the allegations set forth in ¶¶ 1-70 hereof as though fully set forth herein.

72. With respect to the allegations set forth in ¶ 72 of the Amended Complaint, Defendants refer to the Agreement for an interpretation of its terms and conditions and submit that the balance of the allegations contained therein state conclusions of law and do not require a responsive pleading.

73. Deny the allegations set forth in ¶ 73 of the Amended Complaint.

74. Deny the allegations set forth in ¶ 74 of the Amended Complaint.

75. In responding to ¶ 75 of the Amended Complaint, Defendants repeat the answers to the allegations set forth in ¶¶ 1-74 hereof as though fully set forth herein.

76. Neither admit nor deny the allegations set forth in ¶ 76 of the Amended Complaint, which state a legal conclusion to which no responsive pleading is required.

77. Deny the allegations set forth in ¶ 77 of the Amended Complaint.

78. Deny the allegations set forth in ¶ 78 of the Amended Complaint.

79. Deny the allegations set forth in ¶ 79 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint seeks to recover from Hirn Truck Distribution, LLC. Hirn Truck Distribution, LLC did not transact business with the Plaintiffs and was never a party to the Agreement.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint seeks to recover from George Hirn, an individual. George Hirn did not transact business with the Plaintiffs individually, but only through his corporation, George Hirn Company, Inc., which ceased doing business and closed operations in or about September 2010.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 28, 2011

          **TARTER KRINSKY & DROGIN LLP**
          *Attorneys for Defendants*

          By: /s/ Scott S. Markowitz
              Scott S. Markowitz
              1350 Broadway, 11th Floor
              New York, New York 10018
              (212) 216-8000